The Honorable Jim WardState Representative, 88th
District 3100 E. Clark Wichita, Kansas 67211
Dear Representative Ward:
You request our opinion on several questions concerning the powers and duties of the governing bodies for technical colleges, specifically as to what extent binding action must be taken in an open meeting subject to the Kansas Open Meetings Act (KOMA), K.S.A. 75-4317 et seq.
You ask the following questions:
 • "
 To what extent can the governing board of a technical college delegate its authority to govern the college to the president of that college? In particular, can a president of a technical college commit the college to construction of buildings and to the leasing of real property without the governing body of the technical college reviewing the bids and approving the contracts in an open meeting? college take official action to pay the bills of a college at an open public meeting, or can those bills be paid without the governing body ever taking official action? technical college be hired or fired absent official action taken by the governing body in an open public meeting?"
 The KOMA applies to the meetings of bodies representing public agencies, as set forth by K.S.A. 75-4318.[1] K.S.A. 72-4468 et seq.
authorize the establishment of technical colleges and the creation of boards. Such a board clearly qualifies as "a legislative and administrative body which receives or expends and is supported in whole or in part by public funds." Thus, all meetings of such a board are subject to the KOMA.[2]
 However, while the KOMA applies to all discussions of the board that rise to the level of a meeting as defined by that Act, it does not speak to the powers or authority of any specific body and it does not prohibit delegation of powers. Thus, in order to answer your questions about whether the board of a technical college may delegate specific decision making authority to a college president, or must make those decisions as the board, the KOMA is not the law that applies. Rather, we must review the authority of such a board in order to determine if the decisions in question may only be made by the boards of technical colleges or may be delegated to staff.
 K.S.A. 72-4412(h) defines technical college to mean "an educational institution that formerly was an area vocational school or an area vocational-technical school and that has been converted to, established as, and officially designated a technical college under authority of this act."[3] K.S.A. 2006 Supp. 72-4470 and 72-4470a speak to the powers and duties of boards governing technical colleges.
 K.S.A. 2006 Supp. 72-4470 provides in pertinent part:
 "(a) Except as provided by K.S.A. 2006 Supp. 72-4470a, and amendments thereto, the governing body of a technical college shall be the board of the former area vocational school or the board of control of the former area vocational-technical school, whichever is applicable. Such board or board of control shall operate, control and manage a technical college in the same manner and to the same extent that was provided by law for the operation, management and control of the former area vocational school or area vocational-technical school and nothing in this act shall be applied or construed in any manner so as to change or affect any power, duty or function of a board or board of control with respect to such operation, management and control.
 "(b) The board or board of control of a technical college, in addition to such other powers expressly granted by law and subject to rules and regulations of the state board of regents, is hereby granted the following powers:
 "(1) To determine the vocational, technology, and general education courses of instruction that will comprise the associate of applied science degree programs of the college;
 "(2) to establish the requirements for satisfactory completion of the associate of applied science degree programs of the college;
 "(3) to confer the associate of applied science degree upon students who successfully complete an associate of applied science degree program of the college and to award a certificate or diploma to students who successfully complete a vocational education program of the college; and
 "(4) to appoint teaching staff and to fix and determine teacher qualifications, duties and compensation. . . ."[4]
 K.S.A. 2006 Supp. 72-4470a states in pertinent part:
 "(c) In addition to such other powers expressly granted by law and subject to the provisions of subsection (b), the governing board shall have the power to:
 . . . .
 "(4) appoint teaching staff and fix and determine teacher qualifications, duties and compensation. . . .;
 "(5) have custody of, and be responsible for, the property of the college and be responsible for the operation, management and control of the college;
 "(6) select a chairperson and such other officers as it deems desirable, from its membership;
 "(7) sue and be sued;
 "(8) appoint and fix the compensation and term of office of a president or chief administrative officer of the college;
 "(9) fix and determine, within state adopted standards, all other employees' qualifications, duties, compensation and all other items and conditions of employment;
 "(10) enter into contracts;
 "(11) accept any gifts, grants or donations;
 "(12) acquire and dispose of real or personal property;
 "(13) enter into lease agreements as lessor of any property owned or controlled by the college;
 "(14) adopt any rules and regulations, not inconsistent with any law or any rules and regulations of the state board of regents, which are necessary for the administration and operation of the college or for the conduct of business of the governing board;
 . . . .
 "(17) take any other action, not inconsistent with any law or any rules and regulations of the state board of regents, which is necessary or incidental to the establishment, operation and maintenance of the college. . . ."[5]
Thus, with respect to your questions, it is clear that K.S.A. 2006 Supp. 72-4470 and 72-4470a authorize a technical college board to build or improve upon facilities, acquire or lease real estate, enter into contracts, pay bills, and hire and fire college employees. No statute expressly authorizes or prohibits the delegation of such powers to another person or official working for the technical college. Thus, in order to determine if such authority may be delegated, we must examine the nature of the authority and common law principles surrounding exercise of such powers.
The Kansas Constitution envisions delegation of legislative authority to local entities to deal with matters of local concern.[6] The general rule concerning delegation of authority by an administrative body is that legislative decisions may not be delegated, but ministerial decisions may be delegated to staff.[7] "Legislative power is the power to make, amend, or repeal laws or rules for the future."[8]
Purely ministerial acts are those where nothing is left to the discretion of the decision maker.[9]
As discussed in Attorney General Opinion No. 91-109, the ability of a municipal corporation to delegate to administrative personnel a particular function of a municipal corporation is subject to whether the function is a legislative function or a ministerial function:
 "Unless a statute specifically provides otherwise, legislative and discretionary powers vested in the governing body of a municipality cannot be delegated by such body to the administrative officials of the municipality. Thus, when the exercise of discretion is involved, a municipal council cannot delegate the power . . . of entering into contracts generally. . . .
 "These principles, however, are not to be so construed as to deprive a municipal council of the power of delegating ministerial or administrative functions to subordinate officials. The fact that such power is vested in the municipal legislature does not mean that it is itself required to act in every case. . . . Again, the council or other governing body may authorize others to do those things which it may properly, but cannot understandingly or advantageously, do itself. . . ."[10]
The board of a technical college has been authorized to exercise the powers set forth in K.S.A. 2006 Supp. 72-4470 and 72-4470a. Some of these powers require the application of judgment to specific situations (e.g. hiring and firing decisions), others necessitate an important policy decision (when or how to acquire or handle real estate transactions), while some may be more routine in nature (paying bills that are not out of the ordinary expenses). Thus, some phases of the decision making process will be more ministerial in nature while some decisions require greater exercise of personal judgment.
The final decision making authority on such issues is obviously vested in the board pursuant to K.S.A. 2006 Supp. 72-4470 and 72-4470a. However, these statutes do not prohibit the board from utilizing staff in furtherance of performing such functions. We believe it would be inefficient to require that all operating decisions at all stages be made solely by the board. If this were the rule, the board would have no reason to hire any administrative staff.
However, the degree to which the board may properly utilize staff assistance appears to be at least in part a discretionary decision, wherein the board's discretionary power is balanced against the need for administrative efficiency. Some matters decided by the board for a technical college are of a serious or weighty nature and require the use of a great deal of discretion. It is these types of decisions that appear less ministerial in nature, and thus, should be, at the very least, finally reviewed by the board itself. However, other more ministerial or initial stage decisions may be made in accordance with prior guidelines provided to the staff by the board.
Accordingly, it is our opinion that a board for a technical college operating pursuant to K.S.A. 2006 Supp. 72-4470 and 72-4470a may allow staff such as the college's president to assist with and even make some initial decisions concerning real property acquisition or leasing, employment matters, or bill paying. However, the board has final decision making authority on such matters and, therefore, is required to give final approval to such decisions. Any final and binding decision made by the board for a technical college should be done openly, in accordance with the provisions of the KOMA.
Sincerely,
Paul J. Morrison Attorney General
Theresa Marcel Bush Assistant Attorney General
PM:MF:TMB:jm
[1] K.S.A. 75-4318 states "all meetings for the conduct of the affairs of, and the transaction of business by all legislative and administrative bodies and agencies of the state and political and taxing subdivisions thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof, receiving or expending and supported in whole or in part by public funds shall be open to the public and no binding action by such bodies shall be by secret ballot. . . ."
[2] Pursuant to K.S.A. 75-4317a, a meeting occurs if a public body subject to the KOMA engages in (1) an interactive communication; (2) between a majority of a quorum; (3) concerning the affairs of the body or public agency.
[3] See also K.S.A. 72-4430, K.S.A. 2006 Supp. 72-4436, K.S.A.72-4440, 72-4444, 72-4450 and 72-4466 for other definitions that encompass technical schools or colleges.
[4] Emphasis added.
[5] Emphasis added.
[6] See Cogswell v. Sherman County, 238 Kan. 438, 442 (1985) (delegation of certain powers to political subdivisions of government recognizes that governmental subdivisions are usually better judges of their immediate and local needs than the legislature). See alsoState, ex rel. Hawks v. City of Topeka, 176 Kan. 240, 246 (1954).
[7] Gumbhir v. Kansas State Board of Pharmacy, 228 Kan. 579 (1980);State, ex rel. State Bd. of Healing Arts v. Beyrle, 269 Kan. 616
(2000).
[8] Umbehr v. Board of Wabaunsee County Commissioners, 252 Kan. 30, 33
(1992); State ex rel. Tomasic v. Unified Government of WyandotteCounty/Kansas City, Kan., 264 Kan. 293, 301 (1998). See also Attorney General Opinions No. 99-3 and 97-21.
[9] 2A McQuillans, Municipal Corporations § 10.32 (3rd
rev. ed. 1996).
[10] Attorney General Opinion No. 91-109, quoting from 56 Am.Jur.2dMunicipal Corporations, §§ 196, 251-52 (1971).